UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EUGENE JOSEPH (#171436)

VERSUS                                                  CIVIL ACTION

JAMES LEBLANC, ET AL                                    NUMBER 13-229-BAJ-SCR

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the plaintiff's Motion for the Appointment of Counsel.  Record document number 9.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Asst. Warden K. Norris, Dr. J. Collins, Dr. H. MacMurdo, Dr. R. Lavespere, emergency medical technician ("EMT") J. R. Hornea, EMT D. White, EMT B. Summers, field foreman J. Coleman, Classification Officer Susanne Fairchild, and three unidentified emergency medical technicians.  Plaintiff alleged that he suffers from lower back pain and was diagnosed with spondylolysis.  Plaintiff alleged that the defendants have been deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Plaintiff's complaint is neither factually nor legally complex.  Plaintiff succinctly set out the factual basis for his claim.  Liberally construed, the plaintiff alleged that he was denied adequate medical treatment for his low back pain.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident.

Appointment of counsel would likely be of some benefit to the

plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Baton Rouge, Louisiana, May 28, 2013.

                                     /s/ Stephen C. Riedlinger
                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE