UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EUGENE JOSEPH (#171436)

VERSUS                                          CIVIL ACTION

JAMES LEBLANC, ET AL.                           NUMBER 13-229-SDD-SCR

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Before the Court is the Plaintiff's *Motion for Temporary Restraining Order and a Preliminary Injunction* (Rec. Doc. 13).

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Asst. Warden K. Norris, Dr. J. Collins, Dr. H. MacMurdo, Dr. R. Lavespere, emergency medical technician ("EMT") J. R. Hornea, EMT D. White, EMT B. Summers, field foreman J. Coleman, Classification Officer Susanne Fairchild, and three unidentified emergency medical technicians. Plaintiff alleged that he suffers from lower back pain and was diagnosed with spondylolysis. Plaintiff alleged that the Defendants have been deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order seeking to order prison officials to have him examined by a qualified specialist, to provide him with a back brace and a foam

seat, and to issue him a medical duty status requiring that he be assigned to a bottom bunk and restricting certain activities. Plaintiff also sought an order enjoining prison officials from assigning him to any work detail that adversely affects his medical condition.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the Plaintiff will prevail on his claims against the Defendants. Any harm which may come to the Plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the Plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

**ACCORDINGLY**, the Plaintiff's *Motion for Temporary Restraining Order and a Preliminary Injunction* is DENIED.

Baton Rouge, Louisiana, July  10th , 2013.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA